Judge Owsley
delivered the opinion of the court.
The first question proper to be decided in this caSe, involves the propriety of bringing an action of debt to ver property lost at games ot cards.
Testing this question bv the act of 1798 (1 Lit. 104,) only, there could be no possible difficulty in sustaining the action; and although by the act of 1799 (1 Lit. 284) the property betted is declared to be forfeited, and allowed to be recovered for the use of the county and the person only, as there is a cleat repugnance between such a recové-ry, and that given exclusively to the person suing by the act 0f 1798, the latter act, so far aá there is an incompatibility, must be construed to be ⅝ repeal of the former; yet as the latter act, no mode of action is expressly required, and as the property may, in those cases where, by the former act, debt was the proper action, be still recovered as well for the use of the county as the person suing, as respects the form of action, there exists no repugnance between the tivo acts, and consequently debt, as it was given by the former, may now be brought under the latter.
Rut, as by the latter act, one moiety of the property' recovered is expressly requited to be applied in aid of the county levy, the declaration should no doubt claim a recovery as well for the use of the county as the person suing; and consequently, as the declaration in the present case demanded a recovery, not iu aid of the county levy, but for the commonwealth, the court below ought to have sustained the demurrer to the declaration.
For that cause, therefore, the judgment must be reversed with cost, the cause remanded, and the plaintiff in that court, if he should apply to do so, have leave to amend bis declaration; but as the writ is in debt for money, he jro't be allowed to declare for property.